**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4027**
_____

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

        v.

CORNELIUS KEITH SMITH,

                  Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  Louise W. Flanagan,
District Judge.  (7:10-cr-00076-FL-1)

_____

Submitted:  October 31, 2012        Decided:  December 11, 2012

_____

Before KEENAN and DIAZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

J. Merritt Wagoner, SULLIVAN & WAGONER, LLP, Wilmington, North
Carolina, for Appellant.   Thomas G. Walker, United States
Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney,
Assistant United States Attorneys, Raleigh, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cornelius Keith Smith pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (2006) (Count One) and using and carrying a firearm during and in relation to, and possession in furtherance of, a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (2006) (Count Three). He was sentenced as a career offender, U.S. Sentencing Guidelines Manual § 4B1.1 (2011), to a term of 267 months on Count One and a consecutive sixty months on Count Three, a total sentence of 327 months. His sentence was vacated on appeal in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and Smith was resentenced in December 2011. He no longer qualified for sentencing as a career offender; however, the district court departed upward pursuant to USSG § 4A1.3, p.s., and imposed a sentence of 175 months on Count One and a consecutive sixty months on Count Three, for a total sentence of 235 months. Smith appeals, arguing that the upward departure resulted in an unreasonable sentence. We affirm.

We review a sentence for reasonableness under an abuse of discretion standard, Gall v. United States, 552 U.S. 38, 51 (2007), which requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). A "deferential abuse-of-discretion standard applies to any

sentence, whether inside, just outside, or significantly outside the Guidelines range." United States v. Rivera-Santana, 668 F.3d 95, 100-01 (4th Cir.) (internal citation and quotation marks omitted), cert. denied, ___ S. Ct. ___, 2012 WL 2805025 (U.S. Oct. 1, 2012); United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir.), cert. denied, 131 S. Ct. 2946 (2011).

The district court "has flexibility in fashioning a sentence outside of the Guidelines range," and need only "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis" for its decision. Diosdado-Star, 630 F.3d at 364 (citing Rita v. United States, 551 U.S. 338, 356 (2007)).

A district court may depart upward from the applicable Guidelines range if "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1); see United States v. Whorley, 550 F.3d 326, 341 (4th Cir. 2008) (noting that an under-represented criminal history category is an encouraged basis for departure). To determine whether a departure sentence is appropriate in such circumstances, the Guidelines state that a court may consider prior sentences not used in the criminal history calculation, prior sentences of "substantially more than one year" for

3

independent crimes committed at different times, prior similar misconduct resolved by civil or administrative adjudication, charges pending at the time of the offense, or prior, similar conduct that did not result in a conviction. USSG § 4A1.3(a)(2).

Smith contends that the court erred in that it failed to provide a specific reason for each offense level that it rejected, failed to check any of the boxes in Part V of the sealed statement of reasons to explain its reasons for the departure, and failed to consider the minor nature of many of his prior offenses. His arguments are without merit. We do not "require a sentencing judge to move only one" offense level at a time, rejecting "each and every intervening level." United States v. Dalton, 477 F.3d 195, 199 (4th Cir. 2007) (quotations omitted). However, the court is required to explain adequately its decision to depart and to relate its reason for the extent of the departure to the structure of the Guidelines. United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). The court did so at the sentencing hearing, its failure to check the box for a § 4A1.3 departure on the statement of reasons notwithstanding. The court noted Smith's record of "a variety of petty crimes and misdemeanors," but explained that Smith's record of serious offenses and the likelihood of

recidivism justified a departure.  We conclude that Smith has not shown significant procedural error by the district court.

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>